SIGNED THIS: August 9, 2021

_____
**Mary P. Gorman**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| In Re | ) | |
|---|---|---|
| | ) | Case No.    20-71187 |
| ROBERT W. EGIZII, | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |

# A M E N D E D   O P I N I O N

Before the Court is an Objection to Debtor's Amended Claim of Exemptions filed by Bank of Springfield. Bank of Springfield objects to the Debtor's claim that his interest in a residential condominium in Fort Lauderdale, Florida, is exempt because he holds title to the property, through a land trust, in tenancy by the entirety with his wife. For the reasons set forth herein, the objection of Bank of Springfield will be overruled and the exemption claimed by the Debtor will be allowed.

## I. Factual and Procedural Background

Robert W. Egizii ("Debtor") filed his voluntary petition under Chapter 11 on October 29, 2020. He scheduled ownership of four parcels of real estate: a residence in Springfield, Illinois, a residence in Pleasant Plains, Illinois, an office building in Springfield, Illinois, and a condominium in Fort Lauderdale, Florida. Relevant to the issues here, the Debtor claimed the Fort Lauderdale condominium, valued at $500,000, as fully exempt because he owns the property, through a land trust, in tenancy by the entirety with his wife. Bank of Springfield objected to the Debtor's claim of exemption in the Fort Lauderdale condominium, asserting that the Debtor may only claim exemptions available under Illinois law and that the condominium is not exempt under any provision of Illinois law.[1] The Debtor responded that he is entitled to claim the Fort Lauderdale condominium exempt under Florida law.

In order to expedite resolution of the dispute as to the claim of exemption in the Fort Lauderdale condominium, the attorneys for both the Debtor and Bank of Springfield suggested that they could submit the matter on stipulated facts. They agreed that they would examine both the Debtor and his spouse under oath and submit transcripts in lieu of an evidentiary hearing. The Debtor and Bank of Springfield have now submitted those transcripts, along with a signed declaration of Jill Egizii, the Debtor's wife, and relevant documents regarding the Fort Lauderdale condominium.

---

[1] An objection filed by Bank of Springfield related to a tenancy by the entirety exemption claimed by the Debtor in the Pleasant Plains residence under Illinois law was resolved by separate Opinion and Order. *See In re Egizii*, 2021 WL 2945555, at *1 (Bankr. C.D. Ill. July 13, 2021).

Jill Egizii states in her declaration that she and the Debtor purchased the condominium known as 2000 Ocean Drive, Unit 207, Fort Lauderdale, Florida, in 2007. In 2014, they jointly created the Everglades 207 Trust and conveyed the Fort Lauderdale condominium into the Trust. Mrs. Egizii is the trustee of the Trust, and the beneficial interest in the Trust is owned 100% by "Robert W. Egizii and Jill Egizii, Husband and Wife as Tenants by the Entireties." In their testimony, both the Debtor and Mrs. Egizii said that it had been over three years since they had been to Florida and stayed at their condominium. The Debtor has multiple sclerosis, and his ability to travel is limited. Mrs. Egizii said that the condominium was listed for sale but provided no information about the listing agent, listing price, or any offers they might have received.

In addition to the presentation of the transcripts, declaration, and documents, the parties have fully briefed the legal issues. The matter is ready for decision.

## II. Jurisdiction

This Court has jurisdiction over the issues before it pursuant to 28 U.S.C. §1334. All bankruptcy cases and proceedings filed in the Central District of Illinois have been referred to the bankruptcy judges. CDIL-Bankr. LR 4.1; *see* 28 U.S.C. §157(a). Matters concerning claims against the estate or the exemption of property of the estate are core proceedings. 28 U.S.C. §157(b)(2)(B). The issues before the Court arise from the Debtor's bankruptcy

itself and, at least in part, from the provisions of the Bankruptcy Code and may therefore be decided by a bankruptcy judge. *See Stern v. Marshall*, 564 U.S. 462, 499 (2011).

### III. Legal Analysis

*A. Under §522(b)(3)(B), Florida Law Controls.*

Any analysis of exemptions in a bankruptcy case begins with §522. 11 U.S.C. §522. Exemptions for a variety of assets are specifically provided for in the Code. 11 U.S.C. §522(d). But those exemptions are only available to debtors if the state law of their domicile has not prohibited such debtors from using them. 11 U.S.C. §522(b)(2). When a state has prohibited its residents from using the federal exemptions set forth in §522(d), a combination of exemptions provided for by state, local, and other nonbankruptcy laws may be used. 11 U.S.C. §522(b)(3). Illinois has prohibited the use of the specific federal exemptions set forth in §522(d) for its residents. 735 ILCS 5/12-1201.

The Debtor does not dispute that, by reason of the Illinois prohibition against the use of the specific federal exemptions set forth in §522(d), he is required to use the exemptions set forth in §522(b)(3). Section 522(b)(3) provides, with limited exceptions not relevant here, for the use of exemptions under applicable state law plus any exemptions available under federal law other than §522(d). 11 U.S.C. §522(b)(3)(A). It also provides an exemption for a debtor's interest in property held "as a tenant by the entirety or joint tenant to the extent that such interest . . . is exempt from process under applicable

-4-

nonbankruptcy law[.]" 11 U.S.C. §522(b)(3)(B). Finally, it provides for the exemption of certain retirement funds. 11 U.S.C. §522(b)(3)(C). Because the subsections of §522(b)(3) are connected by the conjunction "and," debtors may use the exemptions provided by all of the subsections; the provision is cumulative, not alternative. *In re Holland*, 366 B.R. 825, 829 (N.D. Ill. 2007) (citing *In re McNeilly*, 249 B.R. 576, 580 (B.A.P. 1st Cir. 2000); *In re Gillette*, 248 B.R. 845, 848-49 (Bankr. M.D. Fla. 1999)).

On his amended schedules, the Debtor claimed his interest in the Fort Lauderdale condominium as exempt under Florida law referencing "Fla. Stat. Ann. §689.15 and Florida Common Law."[2] He argues that Florida law is the applicable nonbankruptcy law that controls his entitlement to an exemption under §522(b)(3)(B). Bank of Springfield disagrees, asserting that Illinois law should control the Debtor's exemptions even as to real property located outside of Illinois. Both parties acknowledge that a decision on the issue of controlling law will determine the Debtor's right to claim an exemption in his Fort Lauderdale condominium.

Deciding what is applicable nonbankruptcy law is a question, at least initially, of statutory interpretation. Statutory interpretation begins with the language of the statute, "[a]nd where the statutory language provides a clear answer, it ends there as well." *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438 (1999) (citations omitted); *see also United States v. Ron Pair Enterprises*,

---

[2] In his amended schedules, the Debtor cites §689.15, which deals with estates by survivorship. In his original schedules, however, the Debtor cites §689.115, which deals with estates by entireties in mortgages. Based on the citations and arguments made in his briefs, it is clear that the Debtor is claiming the exemption in the Fort Lauderdale condominium based on his ownership in tenancy by the entirety with his wife.

*Inc.*, 489 U.S. 235, 241 (1989). Courts should assume "that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992) (citations omitted). When considering whether statutory language has a plain and unambiguous meaning, courts consider "not only the language itself, but also 'the context in which it is used, and the broader context of the statute as a whole.'" *Holland,* 366 B.R. at 827-28 (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997)). Courts should not "construe a statute in a way that makes words or phrases meaningless, redundant, or superfluous." *United States v. Misc. Firearms, Explosives, Destructive Devices and Ammunition*, 376 F.3d 709, 712 (7th Cir. 2004) (citation omitted); *In re Merchants Grain, Inc.*, 93 F.3d 1347, 1353-54 (7th Cir. 1996).

The term "applicable nonbankruptcy law" is used in several provisions in the Bankruptcy Code. "Plainly read, the provision encompasses any relevant nonbankruptcy law, including federal law[.]" *Patterson v. Shumate*, 504 U.S. 753, 759 (1992) (analyzing the term in the context of §541(c)(2)). The term is not limited to state law. *Id.* Rather, it is a broad term encompassing any relevant state or federal law. In a dispute involving real estate, relevant law could be (i) the law deemed "controlling by the conflicts principles of the debtor's domicile state," (ii) the law of the state where the property is located, or (iii) "the law of the jurisdiction deemed controlling by federal choice of law principles[.]" *Holland,* 366 B.R. at 829-30. In the dispute here, the actual choices are Illinois or Florida law, and each option for determining the relevant,

controlling law must be considered to decide which of two states' laws will determine the outcome here.

Illinois follows the Restatement (Second) of Conflict of Laws to resolve conflict-of-law issues. *In re Marriage of Adams*, 133 Ill. 2d 437, 446, 551 N.E. 2d 635, 639 (1990). With respect to disputes involving real estate or "immovables," conflict principles followed by Illinois courts compel the use of the law of the situs of the property. *Lake County Trust Co. v. Two Bar B, Inc.*, 238 Ill. App. 3d 589, 595, 606 N.E. 2d 258, 262 (1992) (relying on RESTATEMENT (SECOND) OF CONFLICT OF LAWS §223, intro. note (1971)) (finding that a dispute about the distribution of rents and profits related to an Indiana farm lease should be decided by Indiana law). Illinois has long followed "the traditional legal doctrine that the law of the State where the real estate is situated governs the rights of the parties" involved in disputes about such real estate. *Id.* (citing *Dibble v. Winter*, 247 Ill. 243, 252, 93 N.E. 145, 149 (1910); *Smith v. Smith*, 174 Ill. 52, 58, 50 N.E. 1083, 1085 (1898)). Thus, an Illinois court deciding an issue with respect to the Debtor's ownership of his Fort Lauderdale condominium would follow Florida law. It follows then that Florida law is the relevant and applicable nonbankruptcy law that should control the decision here.

The second option for identifying applicable nonbankruptcy law that may control here is the situs test. The test is straightforward: the property in question is located in Florida, and Florida law therefore controls. *Holland*, 366 B.R. at 830; *McNeilly*, 249 B.R. at 580-81. Although the situs test is simple, it is also compelling. States have an interest in regulating transactions regarding

the real estate within their borders. States determine the requirements for conveyancing and for perfecting mortgages and other liens. States and municipalities control land use and development. How real estate is taxed and what exemptions from taxation may be available are within the jurisdiction of the states and municipalities. Allowing the laws of another state to control any of these essentially local issues just because a property owner files bankruptcy in that other state could lead to absurd, unfortunate, and unfair results. The validity of deeds, mortgages, and other documents would always be uncertain if they were subject to interpretation not only under the laws of the state in which they were prepared, signed, and recorded but also by the laws of any other state where an owner of the property in question might later reside and file bankruptcy. The situs test provides compelling authority for Florida law being used as the controlling applicable nonbankruptcy law here.

Finally, as set forth above, federal choice-of-law principles may be used to identify applicable nonbankruptcy law that may control here. Generally, federal choice-of-law principles favor the use of the laws of the state "with the most significant relationship with the action." *In re Gaston & Snow*, 243 F.3d 599, 605 (2d Cir. 2001) (citations omitted). In bankruptcy cases, however, some courts have found it more appropriate to use the forum state's choice-of-law rules in all circumstances or, at least, when there is no significant federal policy or interest at stake. *See Knauer v. Kitchens (In re Eastern Livestock Co.)*, 547 B.R. 277, 282 (Bankr. S.D. Ind. 2016). There is no controlling precedent in the Seventh Circuit. When presented with the issue in *In re Jafari*, 569 F.3d

644, 649-51 (7th Cir. 2009), the court did not reach the issue because it found that the result would be the same regardless of whether federal or forum choice-of-law rules were followed in the case before it. The result here is similar.

As previously discussed, under the choice-of-law principles of the forum state of Illinois, the applicable nonbankruptcy law controlling the issue here would be Florida law. Weighing the question of whether Illinois or Florida has the most significant relationship with the action also results in Florida law controlling. The determination of whether the Debtor and his wife own their Fort Lauderdale condominium as tenants by the entirety is important to Florida. If the Debtor and his wife fully complied with Florida conveyancing laws in establishing their tenancy by the entirety ownership of the Fort Lauderdale condominium, then Florida has an interest in assuring that their ownership is respected. Illinois has no recognizable interest in discrediting Florida conveyancing law or disturbing well-settled Florida law on how and upon what conditions real estate may be owned in tenancy by the entirety. To the contrary, Illinois has an interest in making sure that its own laws of conveyancing and its own restrictions on ownership in tenancy by the entirety are fully enforceable as to the real estate within its boundaries. A finding here that Illinois law controls Florida real estate ownership just because a bankruptcy is filed in Illinois could provide support for a finding by a Florida bankruptcy court that Florida law can control a decision about Illinois real estate ownership based solely on the filing of a bankruptcy in Florida. Florida

has the most significant relationship to the matter pending here, and Florida law should control its outcome.

In asserting that Illinois law should control the outcome here, Bank of Springfield relies heavily on *In re Giffune*, 343 B.R. 883 (Bankr. N.D. Ill. 2006). But *Giffune* is an unpersuasive decision. *In re Wheatley*, — B.R. —, 2021 WL 3214441, at *4 (Bankr. N.D. Ill. July 29, 2021). *Giffune* holds that Illinois residents may only use the Illinois exemptions in bankruptcy cases. *Giffune*, 343 B.R. at 896. That is simply not an accurate statement of the law. The exemptions available to debtors in bankruptcy are provided for in §522(b)(1) and include the exemptions set forth in either §522(b)(2) or §522(b)(3). Debtors may elect to claim the exemptions in either section unless the law of the state of the debtor's residence prohibits the use of the exemptions set forth in §522(d) as referenced in §522(b)(2). In that case, a debtor is limited to the exemptions set forth in §522(b)(3). Illinois has prohibited the use of the exemptions set forth in §522(d), and Illinois residents such as the Debtor here may therefore only use the exemptions set forth in §522(b)(3). 735 ILCS 5/12-1201. As discussed above, however, the exemptions set forth in §522(b)(3) include not only state law exemptions but also federal exemptions other than §522(d), exemptions for joint tenancy and tenancy by the entirety properties not subject to process under applicable nonbankruptcy law, and exemptions for certain retirement plans. 11 U.S.C. §522(b)(3)(A)-(C). Cases that say that, in so-called "opt out" states such as Illinois, only those states' exemptions may be used misstate the law and miss the fact that debtors in "opt out" states may

claim all of the exemptions included in §522(b)(3). *Wheatley*, 2021 WL 3214441, at *2 n.1; *Holland,* 366 B.R. at 829.

*Giffune's* holding also violates fundamental principles of statutory construction. If "applicable nonbankruptcy law" in §522(b)(3)(B) were limited only to the exemption laws of a debtor's domicile state, then the section would be meaningless and add nothing to the statute not already included in §522(b)(3)(A). *Giffune* essentially disregards everything in §522(b)(3)(B) in favor of the reference to state law exemptions in §522(b)(3)(A). Because courts should not construe statutes to render portions of the statute meaningless or superfluous, *Giffune's* rationale is faulty and should not be followed. *Holland,* 366 B.R. at 828-29.

Florida law is, without question, the relevant, applicable nonbankruptcy law that should be applied in considering the Debtor's claim of exemption under §522(b)(3)(B).

### *B. The Fort Lauderdale Condominium is Exempt.*

The Debtor claimed his exemption in the Fort Lauderdale condominium by reference to a Florida statute and Florida common law. To be precise, the Debtor should have referenced §522(b)(3)(B) as the primary authority for the exemption claim. Then, because §522(b)(3)(B) does not create a complete exemption in and of itself, citation to the applicable nonbankruptcy law relied upon to effectuate the exemption would be necessary. *See Egizii*, 2021 WL 2945555, at *3. All of the required authority, however, has been cited in the

Debtor's briefs, and the failure of the Debtor to be more precise in his schedules does not limit the Court's authority to reach the ultimate issue.

Although the Florida statute cited by the Debtor mentions tenancy by the entirety ownership, the actual support for the Debtor's exemption claim comes from Florida common law. *Beal Bank SSB v. Almand and Associates*, 780 So. 2d 45, 53 (Fla. 2001) (citing *Bailey v. Smith*, 89 Fla. 303, 103 So. 2d 833, 834 (1925)); *see also In re Cauley*, 374 B.R. 311, 316 (Bankr. M.D. Fla. 2007) (citation omitted). Florida law allows property to be held in tenancy by the entirety if the ownership possesses six characteristics: unity of possession, unity of interest, unity of title, unity of time, survivorship, and unity of marriage. *Beal Bank*, 780 So. 2d at 52 (citing *First Nat'l Bank v. Hector Supply Co.*, 254 So. 2d 777, 781 (Fla. 1971); *In re Lyons*, 90 So. 2d 39, 40-41 (Fla. 1955)). "[W]hen property is held as a tenancy by the entireties, only the creditors of both the husband and wife, jointly, may attach the tenancy by the entireties property; the property is not divisible on behalf of one spouse alone, and therefore it cannot be reached to satisfy the obligations of only one spouse." *Id.* at 53 (citations omitted).

Based on the stipulated facts presented, it is clear that the Debtor and his wife own the Fort Lauderdale condominium as tenants by the entirety in compliance with Florida law. All of the characteristics required for tenancy by the entirety ownership exist here, and Bank of Springfield makes no argument to the contrary. Further, Florida common law clearly exempts the Fort Lauderdale condominium from process and from collection efforts by the

creditors of only one of the spouses. Thus, the Debtor may claim the Fort Lauderdale condominium as fully exempt under §522(b)(3)(B).

### IV. Conclusion

The Debtor is entitled to his claim of exemption in the Fort Lauderdale condominium because he holds title to it with his wife as tenants by the entirety. His exemption is allowable under §522(b)(3)(B) because Florida law is applicable nonbankruptcy law that protects the property from process by the creditors of only one of the spouses. The objection to the Debtor's claim of exemption filed by Bank of Springfield will be overruled.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###